**UNITED STATES of America**

v.

**INADI, Joseph.**

**Appeal of Joseph INADI, Appellant.**

**No. 83–1882.**

United States Court of Appeals,
Third Circuit.

May 22, 1986.

Holly Maguigan and Julie Shapiro, Maguigan, Shapiro, Engle & Tiryak, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr. and Jeanne K. Damirgian, Asst. U.S. Attys., Philadelphia, Pa., for appellee.

Before ADAMS, HIGGINBOTHAM and VAN DUSEN, Circuit Judges.

**OPINION OF THE COURT**
PER CURIAM:

Appellant Joseph Inadi was convicted of charges arising out of a conspiracy to man-

---

ufacture and distribute narcotics. On appeal, this Court reversed, holding that the district court erred in admitting certain out-of-court statements of nontestifying coconspirators, as substantive evidence against the accused, where the government had not shown that the declarants were unavailable to testify in court.[1] Our holding was grounded on our interpretation of the Confrontation Clause, U.S. Const. amend. VI, and *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *United States v. Inadi*, 748 F.2d 812 (3d Cir.1984).

On writ of certiorari to this Court, the Supreme Court of the United States reversed and remanded, holding that no showing of unavailability is required as a foundation for admitting the out-of-court declarations of nontestifying coconspirators against the accused. *United States v. Inadi*, —— U.S. ——, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986).

A number of issues raised by appellant were not addressed in our original opinion, to wit: (1) that the district court erred in admitting testimony regarding coconspirators' guilty pleas [2]; (2) that the district court erred in allowing a Drug Enforcement Administration Agent to testify about appellant's post-*Miranda* failure to explain his possession of certain documents; (3) that the government's response to a demand for disclosure of electronic surveillance was inadequate where it admitted the existence of certain surveillance but failed to submit a sworn denial that there was any illegal surveillance or that any use was made of such surveillance; and (4) that the district court improperly failed to strike evidence of a particular transaction in the absence of any testimony concerning the date on which it occurred. We have considered these contentions and find them without merit.

In a supplemental memorandum filed at the direction of this panel upon receiving the mandate of the Supreme Court, appellant has sought leave to argue for the first time that the admitted out-of-court coconspirator statements lacked sufficient "indicia of reliability." *See United States v. Ammar*, 714 F.2d 238 (3d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). Because appellant failed to raise this issue at trial, we decline to entertain it now. *See United States v. Gibbs*, 739 F.2d 838 (3d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985).

Accordingly, we will vacate our previous judgment of November 12, 1984 in this matter, and affirm the judgment of conviction.

---

1. We also held, as threshold matters, that the tape-recorded statements were properly authenticated under *United States v. Starks*, 515 F.2d 112 (3d Cir.1975) and 18 U.S.C. § 2518(8)(a)(1982), and that the statements were admissible under Fed.R.Evid. 801(d)(2)(E).

2. The government introduced evidence that three of defendant's co-conspirators had pleaded guilty in order to rebut defense counsel's persistent attempts on cross-examination to raise an

inference that the co-conspirators had not been prosecuted, and that Inadi was being singled out for prosecution. The testimony was not introduced as substantive evidence of Inadi's guilt. *Cf. Biasaccia v. Attorney General*, 623 F.2d 307, 312 (3d Cir.) ("use of a co-conspirators's guilty pleas as substantive proof of a defendant's complicity in a conspiracy without cautionary instruction is not admissible as evidence"), *cert. denied*, 449 U.S. 1042 (1980).