SLOVITER, Circuit Judge,
dissenting.
I join Judge Roth’s persuasive dissent. I write separately because I joined the opinion in United States v. Gaev, 24 F.3d 473 (3d Cir.1994), an opinion on which the majority relies and with which Judge Roth takes issue.
As the majority correctly notes, our precedent on the issue of the admissibility of a witness’s guilty plea does not always follow a consistent line. The en banc procedure provides us with a valuable opportunity to reconsider our positions on important issues such as that presented here.
I begin with the proposition that the Federal Rules of Evidence do not provide a hard and fast rule covering the situation before us today. Instead, the question of whether to admit evidence of a co-conspirator witness’s guilty plea in the trial of his or her alleged confederate must be subjected to the balancing required by Fed. R.Evid. 403. In Gaev, we emphasized that the “standard remains that of Federal Rule of Evidence Procedure 403” and recognized that “[t]here ... may be cases where the inference of guilt from the co-conspirator’s plea agreement is sufficiently strong that even limiting instructions will not effectively contain it.” Gaev, 24 F.3d at 478.
I dissent from the majority’s position because I view its analysis as permitting the government to introduce evidence of a co-conspirator witness’s guilty plea in all cases, as long as the district court provides a curative instruction to the jury. This is inconsistent with the principle established in this circuit that a witness’s guilty plea cannot be used as evidence of the defendant’s guilt. See United States v. Cohen, 171 F.3d 796, 801 (3d Cir.1999); United States v. Gaev, 24 F.3d 473, 476 (3d Cir.1994); United States v. Thomas, 998 F.2d 1202, 1206 (3d Cir.1993); Government of the Virgin Islands v. Mujahid, 990 F.2d 111, 115 (3d Cir.1993); United States v. Werme, 939 F.2d 108, 113 (3d Cir.1991); United States v. Toner, 173 F.2d 140, 142 (3d Cir.1949). The majority’s holding that a guilty plea is admissible to permit the jury to assess the credibility of the witness, even in the absence of an attack on the witness’s credibility, or to dispel jury concern about selective prosecution, even if the defendant has not so contended, transmutes a case-by-ease analysis under Fed. *687 R.Evid. 403 into a general rule of admissibility. I see no justification for such a rule.[1]

. It is significant that defendants here did not contest the acts on which the prosecution is based, whereas in Gaev the defendant "challenged critical aspects of Gaev’s participation in the activities that formed the basis [of Gaev’s conviction].” Gaev, 24 F.3d at 478.